sentiment rather than the capital sentencing procedure mandated by the laws of this state. As this Court has so often stated in the past, this argument was improper. Accordingly, I respectfully dissent as to this issue.

Justice ORR joins in this dissenting opinion.

———

KATHY F. GOODWIN v. WILLIAM R. WEBB, JR., AS EXECUTOR OF THE ESTATE OF CLAUDIUS KRESS GOODWIN, DECEASED

No. 524A02

(Filed 28 March 2003)

**Divorce— separation agreement—duress—acceptance of benefits—ratification**

The decision of the Court of Appeals that the trial court erred by granting summary judgment for defendant as to plaintiff's ratification of a separation agreement is reversed for the reasons stated in the dissenting opinion that plaintiff was not under duress at the time she accepted all the benefits under the agreement and thus ratified the agreement and cannot now challenge its validity.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 152 N.C. App. 650, 568 S.E.2d 311 (2002), reversing an order for summary judgment entered 4 June 2001 by Judge C. Preston Cornelius in Superior Court, Anson County. Heard in the Supreme Court 12 March 2003.

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by Rex C. Morgan, for plaintiff-appellee.*

*Etheridge, Moser, Garner, Bruner & Wansker, PA, by Terry R. Garner; and Katten Muchin Zavis Rosenman, by Christopher A. Hicks, for defendant-appellant.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.